ESTATE of Mike MERCURE, deceased, et al., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent, two cases.

ESTATE of Mike MERCURE, deceased, Donald Archibald, Executor, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 71–1005 to 71–1007.

United States Court of Appeals, Sixth Circuit.

Oct. 8, 1971.

James C. Herndon, Akron, Ohio, Jack Cohen, East Palestine, Ohio, on the brief, for petitioners.

Charles E. Anderson, Department of Justice, Tax Division, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Division, Dept. of Justice, Washington, D. C., on the brief, for respondent.

Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

KENT, Circuit Judge.

This is a petition for review of the Tax Court's determination of deficiencies in income tax. In referring to the taxpayer, the reference is to the decedent, Mike Mercure, who died while the litigation was pending.

Initially, there was a controversy as to the alleged additions to income and deficiencies in tax for the years 1939 through 1963. Prior to the trial before the Tax Court the parties disposed of all issues involving the years 1939 through 1947 and 1956 through 1963. The only years here involved are the years 1948 through 1955, inclusive, and the sole question in this petition for review is the propriety of the amount of currency which the Tax Court determined the taxpayer had on hand at the opening of 1948.

During the prohibition years and commencing at about the age of 16 the taxpayer was engaged in bootlegging. He was sufficiently successful so that he was able to accumulate a substantial amount of currency which he concealed in numerous places on his father's farm. Over the years the taxpayer was also in-

volved in other businesses. On occasions he borrowed sums of money ranging from a low of $875 in 1939, to a high of $20,550 in 1958. From and after the late 1930's, Mercure habitually carried substantial sums of money on his person. During the year 1947 he cashed checks, without depositing the proceeds, in the amount of $43,000; in 1948, $43,000; in 1949, $34,000; in 1950, $27,000.

To establish the understatement of income and the resulting underpayment of tax the Commissioner proceeded on the "net worth" basis. All issues with respect to the computation of the taxpayer's net worth were disposed of by stipulation with the exception of the cash on hand at the beginning of the net worth period, January 1, 1948. The taxpayer claimed that he had cash on hand in the amount of $249,772. The Commissioner gave him credit for having only $100 on hand, (on his person), at the beginning of the net worth computation period. The Tax Court refused to accept either figure as representative of the cash on hand on January 1, 1948, and determined that as of that date the taxpayer had on hand $70,000 in cash. It is from this finding that the taxpayer brings the present petition for review, contending that Mercure had a green metal box on the premises of his home in which he retained large sums of cash, which he claims to have had in bills ranging in amount from $50.00 to $1,000.00.

This Court has previously decided in Friedman v. C.I.R., 421 F.2d 658, 659 (6 Cir. 1970):

> "To the extent that these contentions challenge the Tax Court's findings of fact, this Court must affirm such findings if they are supported by substantial evidence and are not clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, [80 S.Ct. 1190, 4 L.Ed.2d 1218] (1960); Clayton v. Commissioner of Internal Revenue, 245 F.2d 238 (6th Cir. 1957)."

We are, therefore, limited in our review of the Tax Court's findings of fact by the "clearly erroneous" standard of Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A.

In rejecting the taxpayer's testimony of the cash hoard in the steel box the Tax Court found it incredible that all of the alleged cash hoard was accumulated between 1926 and 1937, and maintained thereafter, and the Court was unable to accept the taxpayer's explanation that he had no recollection of cashing "the older, larger sized bills," nor could he recall turning in Gold Certificates, which he claimed he had acquired during those years. The Tax Court also found it incredible that the taxpayer did not know the combination of the safe in which the steel box was claimed to be contained, and that he had counted the cash on only one occasion, during all of the years, and then in the presence of an employee who was deceased at the time of the hearing. The Tax Court found it difficult to understand why the taxpayer failed to make known early in the period of the tax investigation that he had had a large accumulation of cash for a long period of time. The record reflects that on one occasion Mercure informed a Revenue Agent that he had about $30,000 in cash, and on another occasion he told the same Agent that the only cash he had was what was in his pocket.

Evaluation of the credibility of a witness is the exclusive function of the trial court. Hallabrin v. Commissioner of Internal Revenue, 325 F.2d 298 (6th Cir. 1963); Patton v. Commissioner of Internal Revenue, 168 F.2d 28 (6th Cir. 1948). It appears obvious on this record that the Tax Court was justified in rejecting the taxpayer's claim that he had the amount of cash claimed in the steel box.

This Court has not found it necessary to accept or reject the so-called *Cohan* rule nor do we find it necessary to accept or reject that rule in this case. Cohan v. C.I.R., 39 F.2d 540 (2nd Cir. 1930). Under the *Cohan* rule other Courts of Appeals have determined that if sufficient facts are not available then the Tax Court may exercise its best

judgment in establishing a "cash on hand" figure, and in arriving at this figure the Tax Court is permitted to bear heavily upon the taxpayer whose own failure to keep records has created the dilemma. Mitchell v. C.I.R., 416 F.2d 101 (7th Cir. 1969); Millikin v. C.I.R., 298 F.2d 830 (4th Cir. 1962); Gatling v. C.I.R., 286 F.2d 139 (4th Cir. 1961); Bodoglau v. C.I.R., 230 F.2d 336 (7th Cir. 1956). As stated by the Court of Appeals for the Fourth Circuit in Gatling v. C.I.R., 286 F.2d 139, 144 (1961):

"Upon the basis of the whole record the Tax Court, following what has come to be known as the Cohan rule, exercised its best judgment and found as a fact that as of January 1, 1947, at the beginning of the net worth period, taxpayer had cash in the amount of $7,000 and that at the end of each of the years 1947 through 1950, taxpayer had at least $7,000 in cash. This was, under the facts available to the court, the best estimate that it was possible to make under the Cohan rule."

In the instant case there was no direct testimony, other than that of the taxpayer which was properly rejected by the Tax Court, as to the specific amount of currency which the taxpayer had on hand on January 1, 1948. The Tax Court was, therefore, required to resort to circumstantial evidence. A careful examination of the record in this case establishes that the taxpayer had obtained $43,000 in cash during the year 1947 by cashing checks without depositing the proceeds. The Tax Court apparently gave the taxpayer credit for having a "substantial" sum of money in addition to the $43,000, including a "substantial" sum of money on his person.

It would appear from this record that the taxpayer has little basis for complaint since on the evidence presented this Court is unable to reach a sum of cash on hand, January 1, 1948, as great as that reached by the Tax Court. As stated by the Court of Appeals for the Fourth Circuit in Millikin v. C.I.R., 298 F.2d 830, 835 (4 Cir. 1962):

"[3] A more precise finding could have been made only upon a more precise record, and the deficiencies in the record of the proceedings in the Tax Court were attributable to the deficiencies in the taxpayers' own financial records. Under these circumstances, the taxpayers are in no position to contend that their testimonial claims precluded a finding by the Tax Court that their opening currency hoard was not as large as their claim."

A similar situation was before this Court in a different connotation in Mack v. C.I.R., 429 F.2d 182 (6 Cir. 1970). In *Mack* the Tax Court was required to determine on the facts available the amount of the taxpayer's gambling losses. In describing the resultant conclusion this Court said at page 184, 429 F.2d:

"The Tax Court also speculated that he likely had lost more than the amount of the checks and arbitrarily adopted and allowed an additional $4,000 to come to its figure of $14,000. This calculation was a finding of fact and not being able to say that it was clearly erroneous, we are foreclosed from interfering. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 289–291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960)."

After a careful examination of the record before us we are unable to say that the cash on hand figure of $70,000 as of January 1, 1948, allowed by the Tax Court, can be claimed by this taxpayer to be clearly erroneous. The judgment of the Tax Court is affirmed.