NORMAN S. and MARLENE F. SCHLANG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schlang v. Commissioner
Docket No. 1412-80.
United States Tax Court
T.C. Memo 1981-478; 1981 Tax Ct. Memo LEXIS 264; 42 T.C.M. (CCH) 948; T.C.M. (RIA) 81478; September 1, 1981. Norman S. Schlang, pro se. Eddie L. Gibson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *265 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes and imposed additions to tax as follows: Addition to Tax
Year
Deficiency
under Sec. 6653(a)
1973
$ 2,040.24
$ 102.01
1974
155.20
7.76
1975
1,152.33
57.62
Petitioners having conceded on brief to the disallowance of their itemized deductions for 1974 in favor of claiming the standard deduction, the remaining issues for decision are: (1) Whether petitioners understated the gross receipts from their business as determined by respondent under the bank deposit method of reconstructing income; (2) whether under section 162 petitioners are entitled to a business expense deduction in 1974 in excess of that allowed by respondent; and (3) whether any part of petitioners' underpayment of income taxes is due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. Petitioners filed joint Federal income tax returns for 1973, 1974, and 1975 with the Internal Revenue Service at *266 Austin, Texas. At the time the petition herein was filed, petitioners resided at Pasadena, Texas. From 1970 until June 30, 1975, petitioners were sole owners and operators of the Lancers Club (club) in Houston, Texas. Their operation of the club included the selling of non-alcoholic beverages, beer, various food items, and providing live entertainment for customers. Money received from the operation of the club was deposited into petitioners' various bank accounts. Petitioners ceased operation of the club on June 30, 1975, and for the remainder of 1975 petitioner Norman S. Schlang (Norman) was unemployed while petitioner Marlene F. Schlang (Marlene) worked as a self-employed entertainer. During the operation of the club, all of the club's record-keeping and bill paying was done by Norman. Daily receipts on cash register tapes constituted the sole records of the gross receipts from the operation of the club. At the end of each year, the tapes along with copies of paid bills were submitted to an accountant who prepared petitioners' tax returns. On their returns for 1973, 1974 and 1975, petitioners reported gross receipts in the amounts of $ 20,320, $ 25,140 and $ 15,226, *267 respectively. Respondet, concluding that petitioners' records inadequately reflected their income, reconstructed petitioners' gross receipts by using the bank deposit method and determined that petitioners underreported their gross receipts for 1973, 1974 and 1975 by $ 10,302.89, $ 286.45 and $ 6,751.06, respectively. In reaching that determination, respondent considered deposits placed in petitioners' various bank accounts and a single deposit of $ 10,381.42 in 1974 placed in an account in the name of petitioners' daughter, Adrienne. In 1974 Adrienne was 6 years old. Petitioners attribute the discrepancy between the gross receipts reported on their returns and the total bank deposits considered by respondent to a series of cash gifts which both Marlene and her daughter, Adrienne, allegedly received from Marlene's father who died on November 28, 1975. Allegedly, Marlene's father had given Marlene a cash gift of $ 3,000 every year on her birthday since her 16th birthday. Similarly, Marlene's father allegedly had given Adrienne a birthday gift of $ 2,000 in cash or check each year since she was 3 years old. The money Marlene allegedly received was accumulated in a cash hoard *268 which she claims was unbeknown to Norman. However, money from the cash hoard was often used to pay both the personal and business expenses of petitioners. The money which Adrienne allegedly received as a gift was given to Marlene for safekeeping. In 1974, an account was opened in her name and $ 10,381.42 was deposited in the account. The account was actually a term account in the form of a certificate of deposit at 6 percent for a one-year period. On their 1974 return petitioners claimed a $ 14,081 business expense deduction of which respondent disallowed $ 4 claimed as a license fee expense and $ 119 claimed as janitorial expenses. Petitioners introduced no written evidence to substantiate the disallowed deductions. Respondent also determined that part of the underpayment of tax for each of the years in question was due to negligence and intentional disregard of rules and regulations within the meaning of section 6653(a). OPINION Where a taxpayer's records are inadequate, respondent has the authority to utilize reasonable methods to reconstruct his income. Miller v. Commissioner, 237 F.2d 830, 838 (5th Cir. 1956); Reaves v. Commissioner, 31 T.C. 690, 717 (1958), *269 affd. 295 F.2d 336 (5th Cir. 1961). This Court has approved the bank deposit method as a proper method of income reconstruction. E.g., Estate of Mary Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Jones v. Commissioner, 29 T.C. 601 (1957). Once the respondent has determined that bank deposits constitute income, the taxpayer bears the burden of proving that the determination is erroneous. Hague Estate v. Commissioner, 132 F.2d 775, 776 (2d Cir. 1943), affg. 45 B.T.A. 104 (1941), cert. denied 318 U.S. 787 (1943); Estate of Mary Mason v. Commissioner, supra at 657; Jones v. Commissioner, supra at 613-164. Petitioners argued on brief and at trial that their cash register tapes adequately reflect their gross receipts. However, they failed to offer those records into evidence. Without those records before us, we have no basis upon which we can decide whether or not they are adequate and, absent evidence evidence to the contrary, respondent's determination that they are inadequate is presumed correct. Welch v. Helvering, 290 U.S. 111 (1933). *270 Consequently, respondent is authorized to reconstruct petitioners' income. Miller v. Commissioner, supra; Reaves v. Commissioner, supra.
In challenging respondent's reconstruction petitioners introduced evidence which was intended to corroborate their claim that any discrepancy between the gross receipts reported on their return and the total bank deposits considered by respondent for each year at issue was due to a series of cash gifts which Marlene and Adrienne received from Marlene's father. The evidence primarily consists of Marlene's and Adrienne's testimony and written statements (which constitute hearsay) by Marlene's brother and mother. Upon review of the evidence presented, we are not persuaded that the source of the deposits was from nontaxable gifts. Cf. Brittingham v. Commissioner, 57 T.C. 91 (1971). The issue is one of credibility wherein we must determine the extent to which the proferred testimony is believable. Estate of Mercure v. Commissioner, 448 F.2d 922, 923 (6th Cir. 1971), affg. a Memorandum Opinion of this Court. Our analysis of the testimony reveals inconsistencies in petitioners' *271 explanation of the discrepancies which cast doubt upon the credibility of their claim. For example, Marlene testified that she told Norman of her cash hoard only after petitioners had been audited and while Norman was trying to reconcile their records. However, elsewhere in the record it is apparent that Norman knew of the cash hoard because he used money from it to pay business expenses. Why petitioners would wish to convey the notion that Norman was ignorant of the existence of the cash hoard is of no concern of ours but, nevertheless, the credibility of petitioners' explanation is seriously questioned. Moreover, we seriously question Adrienne's ability to testify from first hand knowledge about events of this nature that allegedly occurred when she was only 6 years old. In short, given these inconsistencies and the cloud over Adrienne's testimony, when viewed in light of the availability of a likely source of unreported income via income from the club, we simply do not believe that petitioners fully reported the gross receipts from the operation of the club. Insofar as petitioners have failed to prove that respondent's reconstruction of their income is erroneous, we sustain *272 respondent on this issue. Petitioners introduced no written records to substantiate business expense deductions in 1974 in the amount of $ 123 which were disallowed by respondent. Although petitioner Norman S. Schlang testified that he maintained a book containing entries of cash expenditures in the amount of $ 119 for janitorial services, no such book was introduced into evidence to substantiate the claimed expense. Nor have petitioners substantiated a business expenditure of $ 4 for a license. Accordingly, we sustain respondent on this issue. The remaining issue for determination is whether petitioners are liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for the years in issue. Respondent determined that petitioners were liable for this addition on the ground that their records inadequately reflected their gross receipts from the operation of the club. Respondent's determination is presumptively correct. Reily v. Commissioner, 53 T.C. 8 (1969). The burden of proof is on petitioners to prove that the negligence addition has been erroneously imposed. Inasmuch as petitioners have failed *273 to satisfy their burden of proof, we find that based on the record in this case the section 6653(a) additions to tax are applicable to petitioners. Decision will be entered for the respondent. Footnotes
1. All section references are to the Interanl Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.