**Isaac T. MITCHELL and Esther Mitchell, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 17363.**

United States Court of Appeals Seventh Circuit.

Aug. 20, 1969.

Marvin Mitchell, Attorney for petitioners-appellants, Eskenazi, Mitchell & Yosha, Indianapolis, Ind., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Stephen H. Hutzelman, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, John M. Brant, Attorneys, Department of Justice, Washington, D. C., for appellee.

Before DUFFY, Senior Circuit Judge, KERNER, Circuit Judge, and BEAMER, District Judge.*

BEAMER, District Judge.

This is an appeal from the Tax Court.

The appellant Isaac Mitchell was for many years engaged in the operation of a numbers lottery in Indianapolis, Indiana. He kept no records. The evidence shows that it would have been a simple matter to keep records which would have accurately reflected his taxable income. Nevertheless, he deliberately destroyed all records and evidence of income one week after the transactions occurred.

On June 7, 1963, Internal Revenue agents conducted a raid on Mitchell's home and seized records of gross revenues and payments for four days operation of his lottery, June 3, 4, 5 and 6, 1963. With the use of this information, the Commissioner reconstructed taxpayers' taxable income for the years 1958 through 1961 and reassessed their tax with fraud penalties and interest, giving proper notice to the taxpayers.

* Judge Beamer is sitting by designation from the United States District Court for the Northern District of Indiana.

Appellants petitioned the Tax Court for a redetermination of the tax.

The Tax Court found that the Commissioner's method of computing the understatement of taxable income was substantially correct, but on the basis of fragmentary evidence offered by the taxpayers, reduced the amount of tax assessed by the Commissioner by increasing the percentage of payouts over that found by the Commissioner, and by allowing expense items which the Commissioner had not allowed. The principal expense item allowed by the Tax Court was payment of wagering taxes made in the name of an employee, apparently for the purpose of concealing taxpayer's operation of the illegal lottery.

The result of the Tax Court's carefully considered action was to drastically reduce the appellants' tax liability as determined by the Commissioner. Still dissatisfied, the taxpayers appealed. The thrust of their argument is that the Tax Court found the presumption of correctness which attaches to the Commissioner's determination had been overcome by evidence before the Tax Court. The burden then was on the Commissioner to show that the determination made by the Tax Court was based on convincing evidence. The Commissioner failed to meet that burden; therefore, the Tax Court must accept the tax liability of the appellants as shown by their returns.

We have carefully examined the entire record of the Tax Court proceedings. This examination convinces us that the Tax Court would have been justified in relying on the presumption of correctness which attaches to the Commissioner's determination. While it did sustain the Commissioner's method of arriving at appellants' gross income, it determined that, in fairness, certain credits should be allowed the taxpayers over and above those granted by the Commissioner. The evidence before the Tax Court clearly indicated that appellants' tax returns for the years in question included only a small portion of their income from gambling. Therefore, to adopt appellants' theory would be tantamount to holding that skillful concealment of income by failure to keep records and destruction of the original documents from which income could be reconstructed would be an invincible barrier to proof.

In a somewhat similar case, the Tax Court said:

Admittedly there are gaps in the evidence and our conclusions are at best approximations based on assumptions we have gleaned from the evidence we do have and unfortunately do not rest entirely on proven facts as we would prefer, but it is our obligation to redetermine the correct amount of the tax from what evidence is presented to us and that we have done. Our only alternative would be to affirm respondent's (Commissioner's) determination on the presumption of correctness that attaches thereto, which we do not think would be just, Chicago Ry. Equipment Co. v. Blair, 20 F.2d 10 (C.A. 7, 1927) or to make a finding of no deficiency because of lack of sufficient evidence to make an exact determination. To do that would be tantamount to holding that skillful concealment is an invincible barrier to proof. U. S. v. Johnson, 319 U.S. 503 [63 S.Ct. 1233, 87 L.Ed. 1546.] (1943).

See Shades Ridge Holding Co., Inc. v. Commissioner, 23 T.C.M. 27014 (1964 C.C.H. Dec. 27,014(M)); P-H memo T. C., par. 64,275, affirmed per curiam in Fiorella v. Commissioner of Internal Revenue, 361 F.2d 326 (C.A. 5, 1966).

■■ It is well settled that the Tax Court may properly reevaluate the evidence and reach its own findings, even though the record may be such that the result will be only an approximation based on the best records available, particularly where, as here, the taxpayer kept no records as the law required. Bodoglau v. Commissioner of Internal Revenue, 230 F.2d 336 (C.A. 7, 1956). Shades Ridge Holding Co., Inc. v. Commissioner, *supra*, affirmed by Fiorella v. Commissioner of Internal Revenue, *su-*

*pra.* Moreover, in arriving at the tax deficiency, the Tax Court, as the trier of the facts, is warranted in bearing heavily against the taxpayer, whose own failure to keep records has created the dilemma. Gatling v. Commissioner of Internal Revenue, 286 F.2d 139 (C.A. 4, 1961); Cohan v. Commissioner of Internal Revenue, 39 F.2d 540 (C.A. 2, 1930); Bryant v. Commissioner of Internal Revenue, 76 F.2d 103 (C.A. 2, 1935).

 We find that in view of the undisputed fact that appellants kept no records of Isaac's lottery operation, and that he deliberately burned all source material from which records of taxable income could be reconstructed, the Tax Court was clearly justified in reaching the conclusions expressed in its opinions. The same facts clearly show that at least some of appellants' income was fraudulently concealed.

Affirmed.