HARRY AND GERALDINE GORDON, PETITIONERS *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2830-71.   Filed January 30, 1975.

*Bruce I. Hochman* and *Harvey D. Tack,* for the petitioners.
*Randall G. Dick,* for the respondent.

SUPPLEMENTAL OPINION

HALL, *Judge:* An opinion ( 63 T.C. 51) was filed in this case on October 31, 1974. On November 18, 1974, the parties filed a Joint Motion for Revision of Opinion. On November 19, 1974, respondent filed a Motion for Reconsideration and Revision of Opinion, together with a memorandum brief, to which petitioner filed a reply on December 26, 1974. On December 2, 1974, petitioner filed a Motion for Reconsideration to which respondent replied on January 2, 1975. After considering the parties' various motions and briefs, we make the following changes in our original opinion:

(1) Delete lines 25 through 33 on page 69 and substitute therefor the following:

Ninth Circuit), upholding such fifth amendment claims. *Hill v. Philpott,* 445 F. 2d 144 (C.A. 7, 1971); *Vonder Ahe v. Howland* (C.A. 9, 1973, 31 AFTR 2d 73-1075, 73-1 USTC par. 9333), reversing (N.D. Cal. 1971, 27 AFTR 2d 71-1176, 71-1 USTC par. 9315). However, the Ninth Circuit has since withdrawn its original opinion and left this point undecided. 74-2 USTC par. 9825 (C.A. 9, 1974). And the Sixth Circuit has held that no fifth amendment rights are violated by such procedure. *United States v. Blank,* 459 F. 2d 383 (C.A. 6, 1972), certiorari denied 409 U.S. 887 (1972). But despite the presently somewhat confused state of the law on this question, one factor present in our case renders it unnecessary to consider further this fifth amendment contention. The records herein were not the private

(2) Delete the last 4 lines on page 76 through the top 8 lines of page 78, and substitute therefor the following:

The Derby's gross-profit percentage for the horse book for 1967 according to its books and records (which reflect only bets on which the Federal excise tax was paid and do not reflect coded bets on which no tax was paid) was 24.75 percent. We conclude that the gross profit attributable to the horse book operation for 1967 is $381,928.93, computed as follows:

| | |
|---|---|
| Gross wagers, January through September (respondent's corrected projection) | $1,682,083.60 |
| Gross wagers, October through December (Derby's books) | $357,740.00 |
| Total | $2,039,823.60 |
| Multiplied by gross-profit percentage | 24.75% |
| | $504,856.34 |

| | | |
|---|---|---|
| Less: Excise tax on unreported wagers—January through September | | |
| (10% of $756,937.60) _____ | $75,693.76 | |
| Less: Service refunds_____ | 47,233.65 | $122,927.41 |
| Gross profit—horses _____ | | $381,928.93 |

The Derby's gross-profit percentage for the sports book for 1967 according to its books and records was 7.79 percent. We conclude that the gross profit attributable to the sports book for 1967 is $11,519.10, computed as follows:

| | |
|---|---|
| Gross wagers, January through September | |
| (respondent's corrected projection) _____ | $1,302,003.14 |
| Gross wagers, October through December | |
| (Derby's books) _____ | $199,683.00 |
| Total_____ | $1,501,686.14 |
| Multiplied by gross-profit percentage _____ | 7.79% |
| | $116,981.35 |
| Less: Excise tax on unreported wagers—January through September | |
| (10% of $1,054,622.54) _____ | $105,462.25 |
| Gross profit—sports _____ | $11,519.10 |

Using the above calculations, the total gross profit of the Derby for 1967 was $393,448.03, of which only $305,195 was reported on its partnership return, leaving $88,253.03 unreported. Petitioner's 80-percent interest in the unreported profit of the Derby is $70,602.42.

Petitioner noted that respondent's method of projecting income had failed to allow a deduction or offset to income for the accrual of excise tax for the Derby, an accrual basis taxpayer. We agree with petitioner that the Derby is entitled to accrue the wagering tax and, as noted above, have allowed such accrual. "Under an accrual method of accounting, an expense is deductible for the taxable year in which all the events have occurred which determine the fact of the liability and the amount thereof can be determined with reasonable accuracy. * * * Where a deduction is properly accrued on the basis of a computation made with reasonable accuracy and the exact amount is subsequently determined in a later taxable year, the difference, if any, between such amounts shall be taken into account for the later taxable year in which such determination is made." Sec. 1.461-1(a)(2), Income Tax Regs. The wagering excise tax accrued as soon as the Derby

took a wager; the only question is the amount of unreported wagers the Derby took in 1967. We determine the amount of such wagers in this litigation. On those wagers the excise tax accrued in 1967 and is reflected in our determination.

But respondent urges that even though the wagers clearly took place and the wagering tax clearly attached,[6a] petitioner's attempted evasion of all taxes by his unsuccessful attempted concealment of the transactions constituted a "dispute" of the type referred to in section 1.461-1(a) (3) (ii), Income Tax Regs. That regulation provides:

Where there is a dispute and the entire liability is contested, judgments on account of damages for patent infringement, personal injuries or other causes, or other binding adjudications, including decisions of referees and boards of review under workmen's compensation laws, are deductions from gross income when the claim is finally adjudicated or is paid, depending upon the taxpayer's method of accounting. * * *

The wagering excise tax is a necessary cost of taking a wager and a necessary offset to wagering income. Were there some legitimate question whether the tax attached and were petitioner seeking to avoid its payment with respect to admitted wagers, there would be a dispute within the meaning of the regulation; all the necessary events for resolution of the liability would not have occurred and there would be no accrual. But here, the wagering tax clearly attached to the transaction when it occurred. Despite the attempted concealment of some of the transactions, there was never any claim that the tax did not attach to them. To construe the regulation under such circumstances to place the income and the directly correlative expense in different taxable years would be unnecessarily and gratuitously to move away from the objective of proper measurement of income. We see no reason to find that the petitioner's attempted concealment of part of the income, reprehensible though that was, constitutes a license to respondent to force upon the Derby an accounting method which does not properly reflect its income. We do not believe that the Derby may defer accrual of an associated expense clearly due and payable, any more than it can

6a Treas. Regs. §44.4401-3 provides that:

The tax attaches when (a) a person engaged in the business of accepting wagers with respect to a sports event or a contest, or (b) a person who operates a wagering pool or lottery for profit, accepts a wager or contribution from a bettor. In the case of a wager on credit, the tax attaches whether or not the amount of the wager is actually collected from the bettor. * * *

defer accrual of the corresponding gross income, merely because petitioner intended to try to conceal the transactions. We are cited to, and find, no authority holding that attempted concealment of a transaction creates a "dispute" within the meaning of the regulation, and we decline to so hold.

Under section 461(a) a deduction is to be claimed for "the proper taxable year under the method of accounting used." In a situation such as this, where a deduction is a direct function of the income, in one-to-one correspondence with it, proper matching of income and expense require that both are taken in the same year. To do otherwise would be as improper as to require a taxpayer who denied making a sale to accrue the sale's income in one year and his cost of sales in the later year of resolution of the dispute. The wagering excise tax is part of the cost of taking the wager, and belongs to the same taxable year as that of the wager.