**Harry GORDON and Geraldine Gordon, Petitioners-Appellants-Cross-Appellees,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee-Cross-Appellant.**

**Nos. 75–2567, 75–2960.**

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1977.

Kennedy, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Bruce I. Hochman, Harvey D. Tack, Los Angeles, Cal., argued, for appellants.

M. Carr Ferguson, Asst. Atty. Gen., James E. Crowe, Jr., Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., argued, for appellees.

Before CUMMINGS,* HUFSTEDLER and KENNEDY, Circuit Judges.

PER CURIAM:

The petitioners reside in Las Vegas, Nevada, and timely filed their 1967 federal income tax joint return with the district director of Internal Revenue at Reno, Nevada. In this opinion, we refer only to petitioner Harry Gordon because his wife Geraldine is involved only to the extent of the joint return.

The Commissioner of Internal Revenue determined a $177,472.60 deficiency plus a $88,736.70 civil fraud penalty as to petitioner's 1967 income tax return. However, the tax court reduced the deficiency to $38,577.60 and refused to approve a fraud penalty. Turning aside asserted Fourth and Fifth Amendment claims, the court also

---

* The Honorable Walter J. Cummings, United States Circuit Judge, Seventh Circuit, is sitting by designation.

refused to suppress evidence seized pursuant to a search warrant during a raid by the Internal Revenue agents on the Derby Turf Club, a licensed horse-race and sports bookmaking establishment in which petitioner was an 80 per cent partner. With modifications accepted by the Commissioner, the tax court approved his determination of the Derby's unreported net income derived from projections based on wagering tickets seized in the raid. The court applied the profit percentages of the Derby on reported wagers to the amounts of gross wagers, determined by extrapolation, in order to develop gross profit figures for the Derby. Petitioner has appealed from these rulings.

The tax court permitted the Derby to accrue and deduct from 1967 income its liability under 26 U.S.C. § 4401(a) for federal wagering excise taxes due and then unpaid on the additional amount of the 1967 wagers determined in the tax court proceedings. It also held that the Commissioner failed to carry his burden of proving that petitioner's underpayment of income tax was due to fraud. The Government has cross-appealed from these adverse rulings.

The issues are fully developed in the tax court's amended opinion reported at 63 T.C. 51 (1974) and 63 T.C. 501 (1975). Except in one respect (discussed *infra* ), we adopt that opinion as our own. We need only briefly comment on these issues in our opinion here.

After the tax court rendered its opinion, the Supreme Court decided *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627, which virtually destroys petitioner's claim that the evidence upon which the Commissioner's deficiency determination was based should have been suppressed because it was obtained in violation of the Fourth Amendment and which, as petitioner concedes, entirely defeats his Fifth Amendment claim. To the extent that petitioner's Fourth Amendment suppression contentions are not answered in *Andresen*,

the tax court satisfactorily demonstrated that the warrant was not overbroad either in detailing the place to be searched or the items to be seized, and that the raiding party did not seize items which the warrant did not authorize them to seize (63 T.C. at 63–69).

■ In order to estimate the 1967 gross receipts of the Derby, the Commissioner extrapolated the amount of unreported wagers from the day of the raid over the preceding nine months and added that figure to the wagers the Derby had reported for the year. Petitioner attacks this methodology as arbitrary and capricious. However, a somewhat similar extrapolation of wagering data was used to assess wagering taxes in *United States v. Janis*, 428 U.S. 433, 437, 96 S.Ct. 3021, 49 L.Ed.2d 1046, and to assess income taxes in *Gerardo v. Commissioner*, 552 F.2d 549 (3d Cir. 1977).[1] In light of the propriety of similar methodologies for generating the amount of unreported wager income by extrapolation and upon our study of the specific methodology used by the tax court here, we hold that petitioner has not made the required showing that the tax court's factual findings were clearly erroneous. *Paxton v. Commissioner*, 520 F.2d 923, 925 (9th Cir. 1975), certiorari denied, 423 U.S. 1016, 96 S.Ct. 450, 46 L.Ed.2d 388.

■ The Derby was on an accrual method of accounting. In its opinion, the tax court does not satisfactorily explain why petitioner was permitted to accrue the 10% wagering tax imposed under 26 U.S.C. § 4401(a) and deduct it as an ordinary and necessary business expense under 26 U.S.C. § 162 in 1967. These excise taxes were paid under protest after the tax court's March 14, 1975, decision that there was a deficiency in income tax for 1967 in the amount of $38,577.60. As petitioner has advised us in his reply brief (at p. 5), he intended to file a refund claim if we had reduced the tax court's computation of unreported gross wagers accepted by the Derby. Since the

1. See also *Mitchell v. Commissioner*, 416 F.2d 101, 102–103 (7th Cir. 1969), certiorari denied, 396 U.S. 1060, 90 S.Ct. 757, 24 L.Ed.2d 754; *Hamilton v. United States*, 309 F.Supp. 468, 472–473 (S.D.N.Y.1969), affirmed, 429 F.2d 427 (2d Cir. 1970), certiorari denied, 401 U.S. 913, 91 S.Ct. 881, 27 L.Ed.2d 812; *Mersel v. United States*, 67–2 U.S.Tax Cas. ¶ 15,756 (S.D.Fla. 1967), affirmed (except as to delinquency penalties), 420 F.2d 517 (5th Cir. 1970).

amount of petitioner's liability for the excise tax was not finally accrued until our decision passed on the tax court's computation of the Derby's unreported gross wagers, the deduction for the excise taxes cannot be permitted to offset the unreported 1967 income. *United States v. Consolidated Edison Co.*, 366 U.S. 380, 386, 81 S.Ct. 1326, 6 L.Ed.2d 356; *Security Mills Co. v. Commissioner*, 321 U.S. 281, 284, 64 S.Ct. 596, 88 L.Ed. 725.

We agree with the tax court that the Commissioner did not carry his heavy burden of proving petitioner's fraudulent conduct by clear and convincing evidence. Especially in an area involving credibility findings, the tax court's conclusion should not be upset absent a patent abuse of discretion. Since the Commissioner fails to make out such an abuse, a civil fraud penalty under 26 U.S.C. § 6653(b) may not be imposed.

The decision of the tax court is reversed and remanded with respect to allowing accrual and 1967 income deduction of additional excise taxes on the unreported wagers of $756,937.60 on the Derby's horsebook operation and of $1,054,622.54 on its sport-book operation for the first nine months of 1967. In all other respects the decision is affirmed.

KENNEDY, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's opinion except insofar as it states that the wagering excise tax on the receipts in question did not constitute an accrued liability. As to that holding, I respectfully dissent.

The cases cited by the majority, *United States v. Consolidated Edison Co.*, 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356 (1961), and *Security Mills Co. v. Commissioner*, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725 (1944), are inapposite to the problem presented here. The *Consolidated Edison* case addressed the question whether a property tax liability was properly accrued as a deduction in computing federal tax, even though the taxpayer was contesting the property tax in a separate state proceeding. The *Security Mills* case considered whether the taxpayer

could deduct as an accrued liability an agricultural processing tax, notwithstanding that it was contesting the constitutionality of that tax in court proceedings.

In the case before us, the taxpayer has not contested his liability for the excise tax, except in the general sense that he asserts that he is not liable for the income tax. He does so by denying that certain transactions occurred. Once it has been established that the taxpayer earned a certain amount of unreported income for the taxable year in question, neither the Internal Revenue Service nor the taxpayer would dispute that the excise tax is due. Further, the amount of excise tax is fixed to a certainty by the identical determination that establishes the amount of unreported income. The taxpayer's liability for the excise tax becomes established by reason of this and not some other proceeding. As the tax court observed: "In a situation such as this, where a deduction is a direct function of the income, in one-to-one correspondence with it, proper matching of income and expense require that both are taken in the same year." 63 T.C. at 505. I would affirm the tax court's holding allowing the excise tax as a properly accrued deduction for the tax year in question.