MICHAEL A. KOZMA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kozma v. Commissioner
Docket No. 34727-84.
United States Tax Court
T.C. Memo 1986-177; 1986 Tax Ct. Memo LEXIS 432; 51 T.C.M. (CCH) 956; T.C.M. (RIA) 86177; April 29, 1986; As Amended June 23, 1986 John S. Regan, for the petitioner. David W. Elston, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioner's income tax in the amounts of $1,434.56 and $2,146.00 for the years 1980 and 1981, respectively. The issue for decision is whether respondent was correct in treating the ordinary and necessary expenses relating to petitioner's gambling business as part of his "losses from wagering transactions", for purposes *433 of limiting under section 165(d)[1] the amount of such losses in excess of petitioner's gross income from gambling. FINDINGS OF FACT This case was submitted to the Court without trial pursuant to Rule 122. The facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. At the time of filing the petition in this case, petitioner resided in Flint, Mich. He timely filed income tax returns for the years 1980 and 1981. During 1980 and 1981, the years at issue, petitioner was an ironworker by trade. He was also in the trade or business of gambling. Petitioner attached a Schedule C [Profit (or Loss) from Business or Profession] to his 1980 and 1981 income tax returns showing losses from his gambling activities. For 1980, petitioner's Schedule C showed gross receipts of $9,750.00, and cost of goods sold and/or operations of $9,506.00. Those amounts represented petitioner's gross gambling winnings [2] *434 and the amounts he paid for wagering tickets, respectively. The gross profit was therefore $244.00. Petitioner then listed various deductions totalling $3,468.00, subtracted this amount from gross profit, and arrived at a loss of $3,224.00. For 1981, petitioner's Schedule C showed gross receipts of $15,191.00, cost of goods sold and/or operations of $14,085.00, and a gross profit of $1,106.00. His deductions totalled $8,148.00, leaving a loss of $7,042.00. In both years, the deductions listed on the Schedule C were not for amounts spent for wagering tickets, but were business expenses such as car expenses, depreciation, meals and lodging, admission fees, and office supplies. The amounts and the reasonableness of these business expenses are not challenged by respondent. *435 In his notice of deficiency, respondent disallowed petitioner's loss of $3,224.00 for 1980 and $7,042.00 for 1981. Respondent stated that since gambling losses are allowable only to the extent of gambling winnings under section 165, such losses are not allowable. Respondent determined deficiencies in petitioner's income tax for those years based on this disallowance and various other automatic adjustments to items which are determined with reference to adjusted gross income. OPINION Respondent's determination of deficiencies is based on section 165(d), which reads, "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Since petitioner's "cost of goods sold and/or operations" combined with his deductions for business expenses resulted in losses, respondent disallowed those losses for 1980 and 1981. Petitioner does not contest that losses from wagering transactions may be deducted only to the extent of gains from wagering transactions, but maintains that his losses from wagering transactions did not exceed his gains. Petitioner's *436 position is that his gambling losses in 1980 and 1981 were the amounts listed as "cost of goods sold and/or operations," and these amounts did not exceed his gross receipts, which were gambling gains. While in each taxable year, petitioner showed a loss from his gambling business, such loss was due to deductions for ordinary and necessary business expenses under section 162, [3] and was not limited by section 165(d). The issue thus comes down to the proper computation of what section 165(d) refers to as "losses from wagering transactions." Under respondent's approach, those losses include both amounts paid for losing bets and petitioner's trade or business expenses. Petitioner, on the other hand, considers losses from wagering transactions to be his losing wagers alone. His position is that a "wagering transaction" means a specific event with a beginning and an end, such as a horse race, *437 rather than an ongoing business. In his view, the trade or business expenses are deductible in any event, even if the end result is a loss from his gambling business. Respondent's position is supported by settled case law, both from this Court and at least one Court of Appeals. We decline to overrule those precedents, and hold for respondent. In Offutt v. Commissioner,16 T.C. 1214 (1951), a Court reviewed opinion, we approved the interpretation urged by respondent in this case. The taxpayer was a professional gambler and bookmaker. We held that he could not carry over or carry back his wagering losses to offset gambling income in other years; nor could he use such losses to offset nongambling income in the same year. Part of the wagering losses involved there consisted of mailing, printing, and stenographic expenses, which would ordinarily have qualified as regular trade or business expenses. Such expenses were thus not treated as separate deductions in the computation of wagering losses and gains, but were included in the "losses from wagering transactions." The First Circuit has also approved this approach. In Estate of Todisco v. Commissioner,757 F.2d 1 (1st Cir. 1985), *438 affg. on this issue a Memorandum Opinion of this Court, the First Circuit held that state income taxes attributable to a bookmaker's wagering income were subject to the section 165(d) limitations on deductibility. Although these two cases are the only instances where this precise issue has been decided, other cases have discussed the interplay between sections 162 and 165(d). It is well settled that a specific statute controls over a more general one. Bulova Watch Co. v. United States,365 U.S. 753, 758 (1961); United States v. Bates,429 F.2d 557, 559 (9th Cir. 1970), cert. denied 400 U.S. 831 (1970). That principle has been applied to the relationship between section 162, a general statute, and section 165(d), a specific one. Boyd v. United States,762 F.2d 1369, 1372 (9th Cir. 1985); Nitzberg v. Commissioner,580 F.2d 357, 358 (9th Cir. 1978), revg. two Memorandum Opinions of this Court. In those cases, the Ninth Circuit held that a professional gambler and casino, respectively, could not deduct their *439 wagering losses as business expenses under section 162. Such losses were governed by the more specific statute, section 165(d). Although we are dealing with a different issue in this case, that statement is relevant in this context as well. Moreover, if petitioner's view were adopted and his trade or business expenses allowed in excess of his gambling gains, this would give rise to a net operating loss from gambling. Again, the law is clear that a taxpayer cannot use a net operating loss from gambling to offset income from other sources, nor can such a loss be carried over or back to another tax year. Offutt v. Commissioner,supra;Skeeles v. United States,95 F.Supp. 242 (Ct. Cl. 1951), cert. denied 341 U.S. 948 (1951); Gordon v. Commissioner,63 T.C. 51 (1974), modified on other issues, 63 T.C. 501 (1975), affd. in part and revd. in part 572 F.2d 193 (9th Cir. 1977), cert. denied 435 U.S. 924 (1978). In conclusion, we hold that respondent was correct in disallowing petitioner's *440 deductions for his gambling business expenses to the extent they would create a loss from gambling. Such deductions were properly added to the amounts spent on losing bets in arriving at "losses from wagering transactions" which, under section 165(d), may only be deducted to the extent of gains from such transaction. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties' stipulation of facts states that these amounts represented petitioner's gross gambling winnings and "gambling consulting fees received." There is no explanation of the nature or amount of "consulting" income, and respondent does not urge any treatment of that income other than the treatment accorded actual gambling winnings. Therefore, we treat the full amounts shown as gambling winnings.↩
3. Sec. 162(a) provides, in part: There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.↩