811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael GIALANELLA; Nicolina Gialanella; Italian Delight
of Columbia Mall, Inc., Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 86-3575.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 5, 1987.
Decided Feb. 4, 1987.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 Andrew Jay Graham (Kramon & Graham, P.A., on brief), for appellants.
 Thomas Richard Lamons, Tax Division, Department of Justice (Roger M. Olsen, Assistant Attorney General; Michael L. Paup; Robert A. Bernstein, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Taxpayers, Michael and Nicolina Gialanella (joint-filers), and Italian Delight of Columbia Mall, Inc., appeal from the judgment of the Tax Court ruling them liable on the receipt of unreported income for the years 1975 through 1982. We affirm.
 
 
 2
 Michael Gialanella owns one-half of the restaurant named Italian Delight. The Commissioner found that from 1975 through 1982, Italian Delight earned income which its owners failed to report. The owners withheld this income from the proceeds of restaurant sales and did not report the receipts on their individual income tax returns. The Commissioner also determined that the taxpayers had unreported income due to unsubstantiated deductions which they had claimed on their returns.
 
 
 3
 Following a trial, the Tax Court sustained the deficiency determinations relating to Italian Delight. The Tax Court found that the taxpayer's testimony was not credible regarding the extent of unreported income because it was vague and self-serving. The Tax Court also gave little weight to the testimony of Italian Delight's accountant because he was unaware of the skimming operation. The Tax Court adjusted the deficiencies assessed to the individual taxpayers, the Gialanellas, in two respects. The Tax Court reduced the deficiency by half because the evidence indicated that Michael Gialanella, as half-owner of Italian Delight, received only one-half of the proceeds of the skimming operation. The Tax Court also adjusted the income of Italian Delight which operated on a fiscal year basis to the income of the Gialanellas which was reported on a calendar year basis. In all other respects, the Tax Court sustained the deficiency assessment against the individual taxpayers.
 
 
 4
 The Commissioner's initial determination that a taxpayer has received unreported income is presumptively correct. U.S. v. Pomponio, 635 F.2d 293, 297 n. 4 (4 Cir.1980); Higginbotham v. U.S., 556 F.2d 1173, 1175-76 (4 Cir.1977). The taxpayer has the burden of overcoming this presumption by demonstrating that the Commissioner's assessment of the amount of the deficiency is erroneous. Welch v. Helvering, 290 U.S. 111, 115 (1933); Higginbotham, supra, 556 F.2d at 1175. In this case, the taxpayers acknowledge that they underreported their income for the relevant years by skimming money from the sales of Italian Delight. The taxpayers contend, however, that the Commissioner lacked an adequate basis for his determination as to the extent of their unreported income.
 
 
 5
 The Tax Court found that the taxpayer's testimony failed to rebut the presumption of correctness because their testimony was not credible. If the trier of fact deems the evidence rebutting the presumption to be incredible or unreasonable, then that evidence is insufficient to meet the taxpayer's burden of proof. Liddy v. Commissioner, No. 86-1050 (4 Cir.1986); Mills v. Commissioner, 399 F.2d 744, 749 (4 Cir.1968). In addition, the factual determinations of the Tax Court may be reversed only if they are clearly erroneous. Gatling v. Commissioner, 286 F.2d 139, 141 (4 Cir.1961). There is no basis for concluding that the findings of the Tax Court in this case were clearly erroneous.
 
 
 6
 The taxpayers contend that the Commissioner's deficiency determination was arbitrary and did not merit application of the presumption of correctness. They contend that the deficiency assessments were arbitrary with regards to the individual taxpayers because they did not reflect the fact that Michael Gialanella owns only half of the restaurant and that the restaurant's sales were calculated on a fiscal year basis. The taxpayers argue that the arbitrariness of the Commissioner's estimate indicated that the Tax Court should have required the Commissioner to demonstrate the amount of the deficiency based on evidence at the trial without the benefit of the presumption of correctness.
 
 
 7
 The taxpayers' argument lacks merit. Evidence that some items were erroneously included in the deficiency notice does not overcome the Commissioner's presumption of correctness with respect to other separable items. Foster v. Commissioner, 391 F.2d 727, 735 (4 Cir.1968). The fiscal/calendar year adjustment falls into this category because the adjustment only reallocated the Commissioner's figures among the relevant tax years, and did not reduce the total amount of the deficiency. The adjustment in the deficiency to account for Gialanella's partial ownership of Italian Delight also did not negate the presumption of correctness because half of the proceeds of Italian Delight was easily separable and was attributable solely to the Gialanellas. Despite the Commissioner's error in attributing all of the proceeds from the restaurant to the taxpayers, the initial deficiency assessment was not arbitrary because only the Gialanellas and not the Commissioner knew how the proceeds of the skimming operation were divided. See Anderson v. Commissioner, 250 F.2d 242, 246 (5 Cir.1957), cert. denied 356 U.S. 950 (1958).
 
 
 8
 The taxpayers also contend that the Commissioner's estimates were arbitrary and did not merit the presumption of correctness because there was no evidence to support the Commissioner's deficiency assessments. This error was aggravated, they contend, when the Tax Court failed to take account of the limited sales of the restaurant and the meager lifestyles of the taxpayers. The Commissioner derived his estimate of the deficiency from the investigation of one of his revenue officers. The agent reviewed the federal grand jury investigation into the skimming operation where witnesses testified that the owners of Italian Delight had skimmed an average of $1,500 each week. The agent corroborated this figure through the records of Italian Delight's bank deposits. To compute the annual figure of skimmed receipts, the agent multiplied the weekly figure by the number of weeks in a year.
 
 
 9
 Where the taxpayer fails to keep adequate records, the Commissioner may estimate his income by any reasonable means. Gordon v. Commissioner, 572 F.2d 193, 195 (9 Cir.1977), cert. denied, 435 U.S. 924 (1978). The presumption of correctness attaches to this estimate unless the assessment is arbitrary or irrational. Helvering v. Taylor, 293 U.S. 507, 514 (1935). The Commissioner's estimate was reasonable under the circumstances of this case, therefore the Tax Court correctly applied the presumption of correctness to his determination. In addition, the Tax Court was entitled to disregard evidence that the Commissioner's estimate was exaggerated because the court found the testimony of the taxpayers incredible and unreasonable.
 
 
 10
 For these reasons and those assigned by the Tax Court, its judgment is
 
 
 11
 AFFIRMED.