T.C. Memo. 1997-68

UNITED STATES TAX COURT

RELIABLE CREDIT ASSOCIATION, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4283-95.          Filed February 10, 1997.

Neale E. Creamer, for petitioner.

Shirley M. Francis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, Judge:  This case was assigned to Special Trial

Judge Carleton D. Powell pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1]  Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

and adopts the opinion of the Special Trial Judge that is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge:  This case is before the Court on petitioner's motion, as supplemented, for an award of reasonable litigation costs,[2] pursuant to section 7430.  The only issues presented are:  (1) Whether respondent's position was substantially justified, and (2) whether, if not, the claimed litigation costs are reasonable in amount.[3]

## FINDINGS OF FACT

Reliable Credit Association, Inc. (Reliable or petitioner) is a corporation engaged in the business of purchasing existing notes and other contract receivables at a discount, thereby realizing income over the life of the notes or receivables in the form of interest and upon maturity or collection equal to the discount.  At the time the petition was filed, Reliable's principal office was located in Portland, Oregon.

Respondent audited petitioner's 1991 and 1992 tax returns and issued a notice of deficiency to petitioner.  In the notice of deficiency respondent determined that, for the taxable years

---

[2]  Petitioner does not request an award of reasonable administrative costs.  See sec. 7430(a)(1).

[3]  Respondent does not dispute that petitioner satisfies the remaining elements of a claim for reasonable litigation costs.

1991 and 1992, petitioner was liable for deficiencies in the respective amounts of $1,432,427 and $1,057,707, and accuracy-related penalties under section 6662(a) in the respective amounts of $286,485 and $211,541. Essentially, respondent's determinations were based on two contentions: (1) Petitioner's method of accounting did not clearly reflect income, and, as a result, various items of interest and discount income were understated, and (2) petitioner failed to substantiate deductions for bad debts, rental expenses, and depreciation. With regard to the first contention, respondent determined that petitioner's books and records were inadequate to establish the amount of petitioner's gross income.

Petitioner timely filed a petition with this Court. Subsequently, petitioner hired Milton D. Mittelstedt (Mittelstedt), a certified public accountant with Deloitte & Touche LLP, to assist in the litigation. Mittelstedt apparently did not attempt to reconcile petitioner's income from its accounting records. Rather he prepared net worth analyses. A net worth analysis is a reconstruction of a taxpayer's taxable income based on changes of net worth from the beginning to the end of a taxable period. These analyses became the basis of a settlement that was reached between petitioner and respondent's appeals officer. For services rendered between June 1995 and

February 1996, totaling 114 hours, Mittelstedt charged petitioner $34,200.

This case was calendared for trial on May 20, 1996, and was reported settled at the calendar call. The parties entered into a closing agreement, signed by petitioner on June 6, 1996. This agreement provided that the dispute would be resolved by using an indirect method of determining taxable income because petitioner's records were "inadequate to determine [the amount of] unearned discount income from various deferred income accounts and the [amount of] bad debts from the various bad debt accounts", and that in subsequent years petitioner would maintain records sufficient to allow its tax return to be audited on a "line-by-line" basis "as the appropriate rules and regulations may require."

On June 19, 1996, the parties filed a stipulation with this Court providing that petitioner was liable for deficiencies in income taxes for the taxable years 1991 and 1992 in the amounts of $383,874 and $124,325, respectively. The stipulation further provided that petitioner was not liable for the section 6662(a) penalties for either year. The motion for litigation costs was subsequently filed.

OPINION

General Principles--Substantially justified

Section 7430(a)(2), subject to certain limitations not relevant here, generally allows a taxpayer that files a petition in this Court to recover reasonable litigation costs incurred with respect to the determination of any tax or penalty, provided the taxpayer is the "prevailing party". To be considered a "prevailing party" a taxpayer must establish, inter alia, that the position of the United States was "not substantially justified".[4] Sec. 7430(c)(4)(A)(i).

The fact that the Commissioner ultimately concedes all or part of a case is not sufficient to establish that the Commissioner's position was unreasonable in an administrative or civil tax proceeding. Sokol v. Commissioner, 92 T.C. 760, 765-767 (1989); Sher v. Commissioner, 89 T.C. 79, 87 (1987), affd.

---

[4] In 1986, Congress amended sec. 7430 by replacing the term "unreasonable" with the phrase "not substantially justified". Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551, 100 Stat. 2752. This change was effected to conform sec. 7430 more closely with the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412 (1988). H. Conf. Rept. 99-841, at 799, 801 (1986), 1986-3 C.B. (Vol. 4) 1, 799, 801. In the context of the EAJA, the Supreme Court has interpreted the phrase "not substantially justified" to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). This Court has consistently held that the "substantially justified" standard is not a departure from the "reasonableness" standard. See, e.g., Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).

861 F.2d 131 (5th Cir. 1988). Furthermore, it is generally considered "reasonable" for the Commissioner to require a taxpayer to substantiate income and deductions, and the Commissioner typically will not be held liable for costs under section 7430 for taking a position that requires a taxpayer to show that such requirements have been met. See Amann v. Commissioner, T.C. Memo. 1993-542, affd. without published opinion 40 F.3d 1235 (1st Cir. 1994); Chiaffarano v. Commissioner, T.C. Memo. 1992-614.

The Parties' Contentions

Petitioner sets forth various arguments in support of the contention that respondent's position was not substantially justified. The gravamens of petitioner's contention are: (1) Respondent conceded the majority of the deficiencies; (2) respondent failed to employ certain "standard auditing procedures" that would have enabled respondent to easily ascertain the correct amount of the taxable income; and (3) petitioner offered to settle the case prior to the issuance of the notice of deficiency for roughly the same amount as ultimately stipulated.

Respondent's primary contention is that petitioner's books and records were inadequate, and, as a result, respondent's

determination was substantially justified.  Specifically,

respondent contends that the records petitioner maintained were

insufficient to establish the amount of petitioner's gross

income.  Petitioner does not dispute this point.  In reply,

however, petitioner contends that this contention "evidences

[the] Commissioner's continued obsession that each line item of

gross income must be known with certainty rather than

concentrating [her] attention on taxable income (the quantity on

which the tax is actually calculated)."

We note initially that section 63(a) defines "taxable

income" as gross income minus allowable deductions.  Thus, gross

income is the starting point for the computation of taxable

income.  In addition, our tax system is based on self-assessment.

Flora v. United States, 362 U.S. 145, 176 (1960).  As a result,

the Code and the regulations contain various record keeping

requirements.  Section 6001 requires that

> Every person liable for any tax imposed by this title
> * * * shall keep such records, render such statements, make
> such returns, and comply with such rules and regulations as
> the Secretary may from time to time prescribe. * * *

Section 1.6001-1(a), Income Tax Regs., provides that

> any person subject to tax under subtitle A of the Code * * *
> shall keep such permanent books of account or records * * *
> as are sufficient to establish the amount of gross income,
> deductions, credits, or other matters required to be shown
> by such person in any return of such tax * * *

While the requirements of sec. 1.6001-1, Income Tax Regs., are connected with the term "or", in this context, we interpret "or" in the conjunctive rather than disjunctive.  Cf. DeSylva v. Ballentine, 351 U.S. 570, 573 (1956) (interpreting "or" in the conjunctive); United States v. One 1973 Rolls Royce, V.I.N. SRH-16266, 43 F.3d 794, 815 (3d Cir. 1994) (holding that context is determinative of whether the term "or" is used in the conjunctive or disjunctive).  It is not open to question that taxpayers must keep records sufficient to establish the amount of income received, deductions claimed, as well as the amount of any credit, rather than records that establish just one of the three. See, e.g., Lias v. Commissioner, 24 T.C. 280, 308 (1955), affd. 235 F.2d 879 (4th Cir. 1956); Rao v. Commissioner, T.C. Memo. 1996-500; Wynn v. Commissioner, T.C. Memo. 1996-415; Baker v. Commissioner, T.C. Memo. 1994-283;  Mitchell v. Commissioner, T.C. Memo. 1968-137, affd. 416 F.2d 101 (7th Cir. 1969).

In the absence of adequate books and records, the Commissioner may determine the existence and amount of a taxpayer's income by any method that clearly reflects income. Sec. 446(b); Harbin v. Commissioner, 40 T.C. 373, 377 (1963). The Commissioner may use any reasonable method.  DiLando v. Commissioner, T.C. Memo. 1975-243.  No particular method is required since circumstances will vary in individual cases.

Harbin v. Commissioner, supra at 377.  Further, the Commissioner is not required to make estimations or ferret out every possible itemized deduction.  Conforte v. Commissioner  74 T.C. 1160, 1177-1178 (1980), affd. in part and revd. and remanded in part on other grounds 692 F.2d 587 (9th Cir. 1982).

Petitioner does not directly attack the method of accounting that respondent used in determining its income and deductions, and we have not been informed as to that methodology.  Rather, petitioner asserts that a taxpayer is not required to substantiate its gross income provided taxable income can be determined with reasonable accuracy.  Given the definition of taxable income and the recordkeeping requirements, we disagree, and conclude that petitioner was required to keep records sufficient to establish the amount of its gross income.  DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  Accordingly, we find petitioner's argument that respondent's position was not substantially justified is fatally flawed.  See Amann v. Commissioner, T.C. Memo. 1993-542, affd. without published opinion 40 F.3d 1235 (1st Cir. 1994); Chiaffarano v. Commissioner, T.C. Memo. 1992-614.

Petitioner makes other arguments, most of which rely to some extent on the premise that petitioner was not required to keep records sufficient to establish the amount of its gross income,

and for that reason they lack merit.  A few of these arguments, however, deserve some further discussion.

Petitioner asserts that respondent's settlement of the case largely in petitioner's favor, and for an amount roughly equal to an offer made by petitioner during audit, establishes that respondent's position was not substantially justified.  We disagree.  As stated previously, the settlement of a case in petitioner's favor is not determinative of whether respondent's position is substantially justified.  We find this particularly true in cases where the issue is substantiation of gross income and deductions.  In reaching this conclusion, we note that this case does not involve a situation where the Commissioner continued to litigate the issue long after the taxpayer had provided the net worth analyses.  Here, despite petitioner's apparent failure to keep adequate records, respondent settled the case accepting an indirect method of verifying taxable income proposed by petitioner on condition that petitioner would change its method of accounting.  In such circumstances, we believe that respondent's refusal of petitioner's settlement offers little weight in determining whether respondent's position was substantially justified.  In this regard, while petitioner may have substantially prevailed, the agreed deficiency is hardly de minimis.

Petitioner also argues that respondent should be estopped from challenging the adequacy of petitioner's records because respondent failed to raise the issue in a prior audit.  This argument is not well taken.  It is well established that the Commissioner's failure to challenge a taxpayer's treatment of an item in an earlier year does not preclude an examination of the correctness of the treatment of that item in a later year. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183 (1957); Alfred I. duPont Testamentary Trust v. Commissioner, 66 T.C. 761, 765 (1976), affd. 574 F.2d 1332 (5th Cir. 1978).

Lastly, petitioner claims respondent failed to employ certain "standard auditing procedures" that would have enabled respondent to easily ascertain the correct amount of the deficiencies.  While, as mentioned above, petitioner does not directly attack respondent's method for determining gross income and deductions, petitioner contends that respondent was required to make net worth analyses similar to that prepared by Mittelstedt.  Leaving aside the fact that this supposedly simple endeavor cost petitioner almost $35,000 in accounting fees, petitioner has not cited, and we are not aware of, any authority that requires the Commissioner to employ particular auditing

procedures in particular situations.[5]  In sum, "when the taxpayer has defaulted in * * * [its] task of supplying adequate records, * * * [the taxpayer] is not in a position to be hypercritical of the Commissioner's labor."  Webb v. Commissioner, 394 F.2d 366, 372 (5th Cir. 1968), affg. T.C. Memo. 1966-81.

Since we have found that respondent's position was substantially justified, and, therefore, petitioner is not entitled to recover litigation costs, there is no reason to determine whether the costs claimed are reasonable.  To reflect the above and the stipulation of the parties,

An appropriate order and decision will be entered.

---

[5]  Petitioner has cited provisions of the Internal Revenue Manual; however, such provisions are not mandatory and do not confer any rights upon taxpayers.  United States v. Will, 671 F.2d 963, 967 (6th Cir. 1982).