Roy T. Offutt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 21436.    Promulgated May 31, 1951.

*George Bouchard, Esq.,* for the petitioner.
*A. J. Hurley, Esq.,* for the respondent.

## OPINION.

OPPER, *Judge.:* It would be easy to extend the scope of this controversy to take in a wide range of subject matter. As presented, however, it is narrowly limited and we propose to restrict our consideration accordingly.

The single issue, with which we are required to deal is in essence whether a professional gambler may deduct gambling losses exceeding gambling gains, although concededly another taxpayer not regularly engaged in gambling as a business, but undertaking gambling ventures for profit, could not do so.

We are not here confronted with the problem of whether the specific provision as to gambling losses[1] is exclusive, cf. *Humphrey* v. *Commissioner* (C. A. 5), 162 F. 2d 853, or is merely a "gloss" on the general loss deduction subdivisions so that it constitutes an additional limitation, cf. Holmes, *J.*, dissenting in *Humphrey* v. *Commissioner*, *supra*, at page 855, since under either interpretation the provision would necessarily be applicable to this case. The sole question raised by petitioner is purely whether a distinction can validly be drawn as to the deductibility of gambling losses in excess of gambling gains between a taxpayer who makes gambling his regular business and one who undertakes it for profit, but only sporadically. We find no basis in the statute nor, for that matter, in the legislative history for thus restricting the plain language of section 23 (h), nor for distinguishing its relationship between section 23 (e) (1) relating to business losses, on the one hand and section 23 (e) (2) covering losses in transactions entered into for profit, on the other.

Indeed, after the submission of this proceeding the Court of Claims decided *Skeeles* v. *United States*, 95 F. Supp. 242. In that case, as in this one, the question of deductibility by a professional gambler of wagering losses as a carry-over and carry-back was involved. It was held that neither was permissible under section 23 (h). The parties expressly agree that the purpose and effect of that provision is to

---

[1] Section 23 (h) as added by the 1934 Act:

(h) WAGERING LOSSES.—Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.

require. consonant treatment for legal and illegal transactions,[2] and since the only difference between *Skeeles'* situation and this one is that the present petitioner may at all times have been lawfully engaged, we could not decide in favor of petitioner without rejecting that case. It seems to us, however, to be correct. For similar reasons petitioner's gambling losses cannot offset non-gambling income. *Robert L. Carnahan*, 9 T. C. 1206, affd. (C. A. 10), 176 F. 2d 394. We accordingly find no error in the deficiency determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[2] Petitioner's brief :

It seems obvious that the only change made in the law with respect to gambling losses was to remove the difference in the treatment for tax purposes between legal losses and illegal losses. * * *

Respondent's brief :

* * * the purpose and intent of Congress in enacting Sec. 23 (h) was to provide a restrictive treatment of wagering losses as a class which would eliminate the theretofore existing distinction between legal and illegal wagering. * * *