T.C. Memo. 2000-282

UNITED STATES TAX COURT

WILLIAM T. AND DEBORAH S. PRAYTOR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3568-99.                    Filed August 31, 2000.

J. Donald Hughes, for petitioners.

Shuford A. Tucker, Jr., for respondent.

MEMORANDUM OPINION

CARLUZZO, Special Trial Judge:  Respondent determined
deficiencies of $6,621, $9,500, and $9,012 in petitioners'
Federal income taxes for years 1994, 1995, and 1996,
respectively.  For each year in issue, the issue for decision
is whether deductions for losing wagers and related expenses

attributable to gambling transactions are limited by the gains from such transactions.

Background

This case was submitted fully stipulated, and the stipulated facts are so found. Petitioners are husband and wife. Their joint Federal income tax return for each year in issue was timely filed. At the time that the petition was filed, petitioners resided in Fairhope, Alabama. References to petitioner are to William T. Praytor.

As evidenced by numerous Forms W-2G, Certain Gambling Winnings, issued to petitioner by various casinos, petitioner won the following amounts from slot machine play (the Form W-2G winnings):

| Year | Amount |
|------|--------|
| 1994 | $49,800 |
| 1995 | 24,950 |
| 1996 | 244,000 |

The Form W-2G winnings are the exclusive source of gross income reported on a Schedule C, Profit or Loss From Business, included with petitioners' Federal income tax return for each year. Other items reported on the Schedules C are listed below (amounts rounded):

| Item | 1994 | 1995 | 1996 |
|------|------|------|------|
| Interest deduction | $4,719 | $8,868 | $9,303 |
| Losing wagers | 70,125 | 54,797 | 267,841 |
| Net loss | 25,044 | 38,715 | 33,143 |

The net losses listed above offset other income reported on petitioners' returns.

On each Schedule C petitioner described his profession as a "Professional Gambler". The parties stipulated that petitioner "was in the trade or business of legal gambling" during each year in issue. They further stipulated that during 1996, petitioner incurred additional expenses totaling $41,992.23 in connection with his gambling trade or business.

In the notice of deficiency respondent disallowed the net losses referred to above. According to the explanation in the notice of deficiency, each net loss was disallowed in full because "gambling losses are only allowed to the extent of gains derived from such transactions."

## Discussion

In general, section 165(a)[1] allows a taxpayer to deduct "any loss sustained during the taxable year and not compensated for by insurance or otherwise." Losses from wagering transactions, however, are "allowed only to the extent of the gains from such

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

transactions." Sec. 165(d).

According to petitioners, section 165(d) is not applicable because petitioner was engaged in a gambling trade or business during the years in issue. Petitioners further argue that even if applicable, section 165(d) only limits deductions for losing wagers and not other expenses incurred in a gambling trade or business. According to respondent, section 165(d) applies to all gambling losses whether incurred in connection with a trade or business or otherwise. Furthermore, according to respondent, section 165(d) limits deductions not only for losing wagers but also for any otherwise deductible expense incurred in connection with gambling transactions.

In Offutt v. Commissioner, 16 T.C. 1214 (1951), we held that the taxpayer, who was engaged in a gambling trade or business, was entitled to deduct gambling losses only to the extent of gambling winnings. Further, we construed the phrase "losses from wagering transactions" to include not only losing wagers but also mailing, printing, and stenographic expenses. In the line of cases following Offutt, this and other Federal Courts have consistently held that section 165(d), or its predecessor, applies to gambling losses incurred in a trade or business and limits deductions not only for losing wagers but also for other expenses incurred in connection with gambling transactions. See Estate of Todisco v. Commissioner, 757 F.2d 1 (1st Cir. 1985),

affg. T.C. Memo. 1983-247 (holding that deductions for State taxes attributable to gambling income are limited under section 165(d)); Kochevar v. Commissioner, T.C. Memo. 1995-607 (holding that slot-machine players, even if considered to be in the trade or business of gambling, could deduct gambling losses and expenses, including automatic teller machine charges, office supplies, travel mileage, and meals, only to the extent of their winnings); Valenti v. Commissioner, T.C. Memo. 1994-483 (holding that a deduction for losses incurred in wagering transactions is subject to section 165(d) regardless of the fact that the taxpayer was in the trade or business of gambling); Kozma v. Commissioner, T.C. Memo. 1986-177 (construing the phrase "losses from wagering transactions" as used in section 165(d) to include expenses incurred by a professional gambler for transportation, meals, lodging, admission fees, and office supplies).

According to petitioners, the precedent established by the Offutt line of cases should not be followed because the reasoning expressed in those cases is based more upon a prejudicial view towards gamblers and gambling than technical considerations. We disagree with the premise as well as the proposition. We are satisfied that following the precedent established by the above line of cases leads to a result in this case that is supported by the express language of section 165(d) and, although petitioners suggest otherwise, entirely consistent with Congressional

intent.[2]  For each year in issue, petitioners claimed Schedule C deductions for losing wagers and related expenses that exceeded the reported gains from wagering transactions.  Pursuant to section 165(d), petitioners are entitled to deduct losing wagers and related expenses only up to the amount of gains from wagering transactions.  Respondent's adjustments in this regard are therefore sustained.

 To reflect the foregoing,

Decision will be

entered for respondent.

---

[2]  We note that for each year in issue petitioners reported only those gains from wagering transactions evidenced by a Form W-2G, Certain Gambling Winnings.  We further note that only certain gains from slot machine play require the issuance of a Form W-2G.  See sec. 31.3402(q)-1, Employment Tax Regs.  Although no issue has been presented on the point, given the nature of slot machine play, we think it unlikely that all of petitioner's gains from slot machine play were subject to the issuance of a Form W-2G.  Lastly, we note that in enacting the predecessor of section 165(d), the Congress was concerned that "taxpayers take deductions for gambling losses but fail to report gambling gains."  H. Rept. 704, 73d Cong., 2d Sess. (1934), 1939-1 C.B. (Part 2) 554.  Thus, one purpose of section 165(d) is to "force taxpayers to report their gambling gains if they desire to deduct their gambling losses."  Id.