T.C. Summary Opinion 2006-95

UNITED STATES TAX COURT

JANICE G. SPENCER AND FRED E. EGERTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16626-04S.                Filed June 27, 2006.

Janice G. Spencer, pro se.

<u>Michael L. Bowman</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $2,525 in petitioners' Federal income tax for 2002.

The sole issue for decision is whether gambling winnings of Janice G. Spencer (petitioner), who is not a professional gambler, are required to be reported as gross income, or whether the winnings may be offset by the losses that were incurred in connection with the gambling activity.

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners, husband and wife, were legal residents of Independence, Missouri, at the time they filed their petition.

Petitioners filed a joint Federal income tax return for 2002.  On their Form 1040, U.S. Individual Income Tax Return, they reported wage and salary income of $30,314, of which $24,717.64 was earned by petitioner Janice G. Spencer, and $5,595.86 was earned by her spouse, Fred E. Egerton (Mr. Egerton).  Petitioners also reported Social Security income of $7,728, of which the reported taxable portion was $1,089. Petitioners claimed a $395 tax credit pursuant to Form 8880, Credit for Qualified Retirement Savings Contributions.[2]

Petitioners did not claim any itemized deductions and instead claimed the standard deduction under section 63.

---

[2]The Social Security income and the retirement savings contributions credit are believed to be attributable to petitioner Fred E. Egerton.

During the year 2002, petitioner won $13,400 on slot machines at several casinos. The payers issued information returns to evidence these winnings; however, the $13,400 won by petitioner was not included by petitioners as income on their 2002 Federal income tax return. Although petitioner experienced some losses at these casinos, petitioners did not deduct any gambling losses on their return. Petitioners contend that the reason why petitioner's gambling winnings were not included as income on their 2002 income tax return is because petitioner's gambling losses exceeded her winnings, and, therefore, the winnings did not have to be reported as income. Respondent, although agreeing that the losses were at least equal to the winnings, does not share that view.

In the notice of deficiency, respondent determined that the $13,400 in gambling winnings constituted gross income and that petitioners were entitled to an itemized deduction in an amount equal to their gambling losses, instead of the standard deduction previously claimed. As a result of treating their winnings and losses in that way, a larger amount of the Social Security benefits was determined to be taxable (over the amount reported by petitioners), and the $395 credit for qualified retirement savings was eliminated.

Petitioners take issue with respondent's adjustment as to the character of their gambling winnings. They contend that,

because their gambling losses exceeded their gambling winnings, the winnings did not have to be reported as gross income, nor could their gambling losses be claimed as deductions, since they were not professional gamblers.  Respondent does not dispute that petitioners sustained gambling losses at least equal to or even greater than their gambling winnings.  However, respondent disagrees with petitioners' position as to how the gambling winnings and losses are to be treated for income tax purposes.

The law is clear that income from gambling is includable in gross income under section 61.[3]  Moreover, gambling losses are deductible only to the extent of the taxpayer's winnings from similar transactions.  Sec. 165(d); Offutt v. Commissioner, 16 T.C. 1214 (1951); sec. 1.165-10, Income Tax Regs.  If a taxpayer is a professional gambler and is engaged in the trade or business of gambling, the income and losses therefrom are reported for income tax purposes as a trade or business activity.  As such, the losses sustained in the activity are deductible as ordinary and necessary expenses paid or incurred in carrying on a trade or business under section 162(a), subject to section 165(d), which limits the deduction for losses to the extent of the gains realized from gambling.  Boyd v. United States, 762 F.2d 1369,

---

[3]Because the issue in this case is legal in nature, sec. 7491, which in some circumstances shifts the burden of proof to respondent, is not applicable.

1372 (9th Cir. 1985); Valenti v. Commissioner, T.C. Memo. 1994-483.

The parties agree that petitioners were not professional gamblers and were not engaged in gambling as a trade or business activity. Therefore, the income and losses from the activity could not be reported on their return on Schedule C, Profit or Loss From Business. Petitioners' gambling winnings, nevertheless, constituted gross income under section 61(a), and such income was required to be reported on Form 1040 of their income tax return. Petitioners did not report any of their gambling winnings on their income tax return. The deductions for losses attributable to the gambling activity were allowed by respondent (to the extent of the winnings) as an itemized deduction. Sec. 63(b) and (c); Stein v. Commissioner, T.C. Memo. 1984-403, affd. without published opinion 770 F.2d 1075 (3d Cir. 1985); Heidelberg v. Commissioner, T.C. Memo. 1977-133. As a consequence, respondent sustained the aforedescribed adjustments giving rise to the determined deficiency.

Petitioners contend that itemized-deduction treatment of their gambling income and losses is unfair, and that they can simply ignore the winnings and the losses by not reporting the same on their return. They take strong issue with respondent's determination that causes them to recognize a greater amount of their Social Security benefits as gross income and to lose the tax credit and the standard deduction, both of which are

unrelated to their gambling activity. Petitioners also argue that, if their gambling winnings have to be reported as income on their tax return, then the losses should be allowed as deductions on the Form 1040, or "above the line". The Court rejects that argument because to treat the income and losses in that fashion would effectively remove any distinction between a professional gambler and a nonprofessional gambler. Petitioners are in that latter category, and their only entitlement to the deduction for their gambling losses is the manner in which respondent determined it as an itemized deduction. Petitioners have cited no authority, and indeed there is no authority to support their argument that unrelated income and credits are immune from the effects of the manner in which respondent treated their gambling winnings and losses. The Court, therefore, sustains respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>